

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**04/06/2011**

| | | |
|---|---|---|
| IN RE | ) | |
| LOTT SURPLUS MATERIALS, INC., | ) | CASE NO. 10-39477-H3-11 |
| | ) | |
| Debtor | ) | |
| | ) | |
| TEXAS FIRST BANK, | ) | ADVERSARY NO. 10-3617 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERISURE MUTUAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

Came on for consideration the Motion To Withdraw The Reference From The Bankruptcy Court (Docket No. 8) and the Motion to Dismiss Adversary Complaint (Docket No. 9) filed by Amerisure Mutual Insurance Company. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered denying without prejudice the Motion to Withdraw the Reference and denying the Motion to Dismiss. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Lott Suplus Materials, Inc., Debtor, filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 22, 2010. Debtor is in the business of construction, repair, and

maintenance of pipelines and compressor stations in Texas and Louisiana.

Prior to the filing of bankruptcy, Amerisure Mutual Insurance Company (Amerisure) provided workers compensation coverage and automobile insurance coverage to Debtor. Amerisure required Debtor to provide it with a letter of credit to secure Debtor's additional premium and loss reimbursement obligations to Amerisure.[1] Debtor provided Amerisure with a letter of credit issued by Texas First Bank and listing Amerisure as the beneficiary. The purpose of the letter of credit was to assure Amerisure that Debtor would have funds available in the event of stop losses under Debtor's Master Premium Agreement for the automobile and workers compensation policies.

On January 21, 2010, Debtor executed a promissory note, in the same amount as the letter of credit, and a security agreement granting a first lien to Texas First Bank in certain equipment. Debtor's principal, Robert Lott, also executed a personal guaranty. These loan documents were executed to secure repayment if Texas First Bank was required to pay Amerisure under the letter of credit.

On October 26, 2010, Amerisure made demand on Texas First Bank for the full amount of the letter of credit. Texas First Bank

---

[1] Debtor provided Amerisure with a letter of credit in the amount of $250,000 issued by Texas First Bank in or about June 2008. At Amerisure's request, in or about January 2010, Debtor provided a new letter of credit in the amount of $300,000 issued by Texas First Bank. These letters of credit will hereinafter be referred to as "letter of credit."

did not comply and filed the instant adversary proceeding against Amerisure for declaratory judgment as to Texas First Bank's rights and obligations under the letter of credit.

In response to the Complaint, Amerisure filed a motion to dismiss on the basis of lack of subject matter jurisdiction and a motion requesting that the reference of the adversary proceeding be withdrawn.  Although Amerisure has not yet filed an Answer to the Complaint, Amerisure alleges that it intends to assert equitable or legal counter claims and cross-claims, and to exercise its Seventh Amendment right to a jury trial.  Amerisure also alleges that it does not consent to a final determination and entry of final judgment in this case by the Bankruptcy Court.  Amerisure's Consolidated Reply, Docket No. 23.

<u>Conclusions of Law</u>

<u>Dismissal</u>

Under 28 U.S.C. § 1334(b), the district court has "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  A proceeding is "related to" a bankruptcy if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.  <u>Wood v. Wood</u>, 825 F.2d 90 (5th Cir. 1987).

Under 28 U.S.C. § 157(b)(1), a bankruptcy judge may hear and determine core proceedings arising under title 11, or arising in a case under title 11, referred to the bankruptcy court under 28 U.S.C. § 157(a).

Under 28 U.S.C. § 157(c):

(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.  In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(c).

Under 28 U.S.C. § 157(b)(2):

 Core proceedings include, but are not limited to-

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of continent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

4

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmation of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort and wrongful death claims; and

(P) recognition of foreign proceedings and other matters under chapter 15 of title 11.

28 U.S.C. § 157(b)(2).

The United States District Court for the Southern District of Texas has referred to the bankruptcy judges of the court, with exceptions not pertinent to the instant adversary proceeding, "[b]ankruptcy cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code."  The District court directed that "[i]n civil actions, bankruptcy cases and proceedings referred to them, the bankruptcy judges may exercise the full authority allowed them by law."  Gen. Ord. 2005-6, United States District Court, Southern District of Texas, entered March 10, 2005.

This adversary proceeding involves a determination, governed by state law, of the rights and obligations of the Plaintiff and Defendant in connection with the letter of credit. The claims raised in this adversary proceeding are not core proceedings, but are related to the bankruptcy case. Amerisure contends that resolution of the adversary proceeding will not change the amount owed to creditors in connection with the letter of credit. However, the outcome of this adversary proceeding affects the bankruptcy case because it determines which party, Plaintiff or Defendant, may assert a claim against the estate and, assuming that the claim is allowed, receive a distribution from the estate. This court has subject matter jurisdiction to determine the claims in the instant adversary proceeding.

<u>Withdrawal of Reference</u>

Factors to be considered by a district court in determining whether to withdraw the reference of a proceeding include: whether a matter is core or non-core; promoting uniformity in bankruptcy administration; reducing forum shopping and confusion; fostering the economical use of the debtors' and creditors' resources; whether jury demands have been made, and expediting the bankruptcy process." *See Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985); *In re Lieb,* 915 F.2d 180 (5th Cir. 1990); *In re Morrison*, 409 B.R. 384 (S.D. Tex. 2009).

The instant proceeding is a non-core matter with *de novo* review by the District Court. The effect of the other factors can

6

not readily be determined at the present status of the case. Amerisure has not yet filed an Answer or Jury Demand. No determination can be made yet as to Amerisure's entitlement to a jury trial. The right to a jury trial affects whether withdrawal of the reference would foster the economical use of the debtors' and creditors' resources and expedite the bankruptcy process. The court finds that, at the present time, cause for withdrawal of the reference in the instant adversary proceeding has not been established.

SIGNED at Houston, Texas on this 6th day of April, 2011.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE